**IN THE UNITED STATES DISTRICT COURT[1]**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **Crim. No. SAG-23-0123** |
| | * | |
| **CHARLES AUSTIN JENKINS, *et al.*** | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## <u>MEMORANDUM OPINION</u>

On April 5, 2023, a grand jury returned an indictment against Charles Austin Jenkins and Robert Justin Krop, charging six counts relating to offenses involving machine guns. ECF 1. Each of the defendants has filed a motion seeking severance from the other defendant for trial, although Krop filed his as part of a 107-page omnibus motion also raising a plethora of other issues. ECF 18, 20, 20-1. The Government filed an omnibus opposition, ECF 22, and Krop filed a reply, in which he also incorporated a "motion for sanctions" asking for the indictment to be dismissed, ECF 25. This Court has scheduled a motions hearing for July 18, 2023 to consider the severance motions and some of the substantive motions that have been raised. ECF 26. A large number of the issues raised in Krop's motions, however, lack merit and warrant no hearing. *See* Loc. R. 105.6

---

[1] This Court gave serious consideration to denying Krop's motion to exceed the standard page limitations, ECF 20, given that a significant portion of his omnibus motion consisted of political statements and unsubstantiated allegations of misconduct. In the interest of moving the case forward, however, this Court will accept the omnibus motion for filing. Counsel is cautioned to refrain from this type of filing in the future, or it will be rejected. Motions should set forth the relief requested in a straightforward manner, providing factual and legal support. Grandstanding and political statements are unpersuasive and are not a good use of scarce judicial resources. Additionally, parties should not file two motions in one (for example: a motion to exceed page limitations within a substantive motion, or a motion for sanctions within a reply). Each filing must be separate to permit this Court to grant or deny motions in an orderly fashion.

(D. Md. 2021). To permit the parties to make productive use of the limited time available at the hearing, this Court addresses those unmeritorious issues as follows:

**Issues I and II**

In his first two arguments, Krop contends that the "instituting of the prosecution was defective and unconstitutional" and that the indictment is "facially invalid." ECF 20-1 at 41-47. His arguments as to both revolve around his interpretation of the law and his own view of the facts, complete with unsubstantiated allegations that the Government intentionally misrepresented various facts he avers to be true. It is not uncommon for parties to have divergent views of the facts in criminal cases, and that does not alone suggest some type of Government misconduct. Furthermore, with respect to facial validity, it is sufficient at the indictment stage that the six counts include the language of the statutes they charge, their essential elements, and a sufficient statement of facts to "fairly inform[ the] defendant of the charge against which he must defend." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Without opining on the merits of either party's legal positions, Krop cites no law conclusively establishing that the Government's interpretation of the relevant statutes is invalid. Accordingly, the motion to dismiss on those two grounds is denied.

**Issues III, IV, and V**

Krop's next set of issues involve his efforts to receive the "grand jury minutes," which this Court interprets to mean transcripts of the grand jury proceedings. "The court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter . . . (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. Pro. 6(e)(3)(E)(ii). Here, however, Krop has not shown that any ground may exist to dismiss the indictment. He simply disagrees with the legal theory under which the government is prosecuting

this case, and appears to be engaged in a "fishing expedition to search for grand jury wrongdoing." *United States v. Loc Tien Nguyen*, 314 F. Supp. 2d 612, 616 (E.D. Va. 2004). He offers no actual facts suggesting that wrongdoing or abuse occurred. "Because grand jury proceedings are entitled to a strong presumption of regularity, a defendant seeking disclosure of grand jury information under Rule 6(e)(3)(E)(ii) bears the heavy burden of establishing that 'particularized and factually based grounds exist to support the proposition that irregularities in the grand jury proceedings may create a basis for dismissal of the indictment.'" *Id.* (quoting *United States v. Abcasis*, 785 F. Supp. 1113, 1119 (E.D.N.Y. 1992)) (citing *Hamling*, 418 U.S. at 139 n. 23). As Krop has not met that burden, he is not entitled to lift the veil of secrecy protecting the grand jury's work.

Krop alternatively argues that the counts in the indictment are "multiplicitous" and "duplicitous." This Court is not entirely clear on his theories, particularly because his argument that the counts are "duplicitous" includes speculative contentions that any conviction by a yet-to-be-empaneled jury may not be unanimous, or that the grand jury may not have had a sufficient number of jurors concurring in the indictment. As the Government notes, the mere fact that a conspiracy count may incorporate conspiracy to commit more than one crime does not render the count duplicitous. *See United States v. Marshall*, 332 F.3d 254, 262 (4th Cir. 2003) ("[T]he allegation in a single count of conspiracy to commit several crimes is not duplicitous, for the conspiracy is the crime, and that is one, however diverse its objects." (quoting *Braverman v. United States*, 317 U.S. 49, 54 (1942))). And the mere use of standard language such as "incorporate by reference" or the inclusion of "aiding and abetting" does not render an indictment multiplicitous, when each Count specifically enumerates a separate crime. *See United States v. Goodine*, 400 F.3d 202, 207 (4th Cir. 2005) (explaining that multiplicity is when the same offense is charged in multiple counts). Accordingly, the motion to dismiss will be denied as to Issues III, IV, and V.

**Issue VI**

In Issue VI, Krop seeks what he incorrectly terms a "bill of particulars." A bill of particulars is used to give a defendant enough information to permit him to understand the charge against him and defend the claim. "[T]he purpose of a bill of particulars is to enable a defendant to obtain sufficient information on the nature of the charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." *United States v. Schembari*, 484 F.2d 931, 934-35 (4th Cir. 1973) (citations omitted). The present Indictment already accomplishes those goals, rendering a bill of particulars unnecessary. Furthermore, a bill of particulars is not an opportunity for a defendant to create a lengthy wish list to learn about the government's intended proof—which is precisely what Krop has set forth in his motion. *See United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985) ("A bill of particulars is not to be used to provide detailed disclosure of the government's evidence in advance of trial."). While Krop disagrees factually and legally with its contents, the Indictment contains sufficient detail about the Government's legal theories and the facts on which it relies to permit him to defend against the charges. Krop's requests fall within the realm of discovery, not a bill of particulars. Accordingly, the motion is also denied as to Issue VI.

**Issue VII**

Issue VII requests Rule 16 discovery and *Jencks* material. This Court will obtain further information from the parties at the hearing regarding the present status of discovery, so this issue will be deferred.

**Issues VIII and XI**

Issue VIII requests that the Government provide *Brady* information and Issue XI asks for *Giglio* information in the form of personnel files of testifying Government agents. As in every criminal case, the Government has been informed on the record of its *Brady* obligations, which include its *Giglio* obligations, and it must comply in full. This Court will therefore deny the motion on these issues as unnecessary and, to the extent Krop's requests exceed the bounds of what *Brady* and *Giglio* require, the motion is denied because the request is unwarranted.

**Issues IX, X, XII, and XIII**

These issues, respectively, ask the Government to reveal the identity of informants, produce Rule 404(b) information, preserve evidence, and produce statements it intends to introduce at trial through Rule 807. The Government has responded that this case does not involve informants, it does not intend to use any Rule 404(b) or Rule 807 information, and it has not destroyed or misplaced and will not destroy or misplace any relevant evidence. The motion on these four issues will be denied as moot.

**Issue XVI**

Issue XVI seeks to depose the case agent pursuant to Fed. Rule Crim P. 15. This Court notes with disapproval Krop's repeated derogatory references to the case agent's age and country of birth throughout his filings, seemingly insinuating some type of misconduct with absolutely no basis. No further references of that sort should occur during the pendency of this case.

Rule 15 provides in relevant part:

> A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice.

Fed. R. Crim. P. 15(a)(1). Krop has cited no such exceptional circumstances here. Presumably, the case agent will testify at the hearing relating to the motion to suppress statements regarding the circumstances of the investigation. If he testifies, this Court will permit counsel to ask whether he is a United States Citizen and whether he registered for Selective Service. If he does not testify at the hearing, this Court will ask the Government to provide answers to those two questions to put this matter to rest. No further questioning on these points will be permitted, and the motion to depose the case agent will be denied.

**Issue XVII**

Issue XVII seeks a transfer of venue to the Northern District of West Virginia. Krop cites no basis under which the presumption that a case be tried in the venue where the crime occurred should be upset. "The Sixth Amendment secures to criminal defendants the right to trial by an impartial jury." *Skilling v. United States*, 561 U.S. 358, 377 (2010). In criminal cases, "[b]oth the Constitution and the statutes implementing it require that criminal trials be conducted where the crime was 'committed.'" *United States v. Umaña*, 750 F.3d 320, 334 (4th Cir. 2014) (citing U.S. Const. art. III, § 2, cl. 3; U.S. Const. amend. VI; 18 U.S.C. §§ 3235–3237; Fed. R. Crim. P. 18); *see also* Fed. R. Crim. P. 18 ("Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed."). Upon a defendant's motion, however, a court must transfer the proceeding to another district "if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." Fed. R. Crim. P. 21(a). Krop fails to credibly point to any prejudice that would befall him from trial in Maryland. His baseless suggestion that a Maryland jury cannot understand gun laws flies in the face of the innumerable gun prosecutions in this Court every year. Accordingly, his motion to transfer venue is denied.

**Issue XVIII**

Krop combines two issues in his Issue XVIII, a motion for severance from his co-defendant and a motion for speedy trial. The issue of severance will be addressed at the motions hearing, at which time a trial date or trial dates will be scheduled. Krop's speedy trial motion appears premised on a misunderstanding about how the Speedy Trial Act operates. The law allows exclusions of time from the speedy trial calculation for any number of reasons, including but not limited to time in which motions are pending before the Court. Because motions have been (and remain) pending before this Court, the speedy trial "clock" is not presently running and has not expired. The motion is therefore denied, and the parties will discuss trial scheduling and speedy trial issues at the upcoming hearing.

**Issue XIX**

In his last section of his omnibus motion, Krop seeks leave to file additional motions. This Court will deny that motion without prejudice to his seeking individual permission to file another motion at a later date. The granting of that motion will be contingent on the proposed filing aligning with the rules and practices of this Court.

**Motion for Sanctions**

Krop's motion for sanctions, like his other motions seeking dismissal, is based on his strong convictions that the Government is wrong on the law and the facts. Those issues will be decided by a jury, and his motion for sanctions is therefore denied.

## CONCLUSION

Krop's omnibus motion, ECF 20, is DENIED IN PART for the reasons addressed herein. The remaining issues, Issues XIV, XV, the portion of XVIII seeking severance, and an update on

the discovery requested in Issue VII, will be addressed at the upcoming motions hearing. Krop's motion for sanctions, contained within ECF 25, is also DENIED. A separate order follows.


Dated: June 27, 2023                                    _____/s/_____
                                                       Stephanie A. Gallagher
                                                       United States District Judge