IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR No. 1:23-cr-00123-SAG |
| | : | |
| v. | : | |
| | : | |
| ROBERT KROP, | : | |
| Defendant. | : | |
| : : : : : : | : : : : : : : | |

**DEFENDANT KROP'S OPPOSITION TO THE GOVERNMENT'S MOTION TO EXCLUDE TIME PURSUANT TO THE SPEEDY TRIAL ACT**

Defendant, ROBERT KROP, by and through his attorneys, Daniel L. Cox, The Cox Law Center, LLC, formally adopts and incorporates his motions to dismiss and oppositions to the government's misuse of the Grand Jury indictment system, and OPPOSES the government's motion to exclude time pursuant to the Speedy Trial Act (18 U.S.C. § 3161(h)), saying in support thereof as follows:

**I.    MR. KROP CONTINUES TO ASSERT HIS INNOCENCE AND CONSTITUTIONAL RIGHTS.**

There exists no indictment in this case as issued and signed by the Grand Jury, which is required under federal statute and the United States Constitution.  "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury…".  U.S. CONST. AMEND. V.; SEE ALSO, FRCP 6 ("(2) *Motion to Dismiss an Indictment.* A party may move to dismiss the indictment based on an objection to the grand jury...(c) *Foreperson and Deputy Foreperson*. The court will appoint one juror as the foreperson and another as the deputy foreperson. In the foreperson's absence, the deputy foreperson will act as the foreperson. **The foreperson may administer oaths and affirmations and will sign all indictments**. The foreperson—or another juror designated by the foreperson—will record the number of jurors concurring in every indictment and will file the record with the clerk, but the record may not be

1

made public unless the court so orders."). We are now more than 47 days outside of a valid indictment, all to the detriment of the innocent Mr. Krop, a Class III exempt licensee.

Mr. Krop, in open court at his initial appearance and arraignment on April 13, 2023, demanded his Speedy Trial Act rights to be provided evidence against him and scheduled for trial within 70 days pursuant to the Act. <u>That trial date would have been Flag Day, June 14, 2023, or, at the latest, June 22, 2023</u>. <u>That request was completely ignored</u> by both this honorable Court and by the government, with the government averring that they had another trial during that time and could not try the Sheriff and Mr. Krop promptly, all in collusion to deny Mr. Krop his Constitutional, common law and statutory rights. "In **all** criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district whrein the crime shall have been committed…and be informed of *the nature and cause* of the accusation…". U.S. CONST. AMEND. VI.

Instead, in its first act of collusion against Mr. Krop's inalienable assertion of rights, unusually the Sheriff filed his motion with the government's consent to exclude time under the Speedy Trial Act. Thus, Mr. Krop sought redress and defense of his rights by filing motions promptly including his (Omnibus) Speedy Trial Motion, which this Court signified was filed too promptly prior to all discovery being received. See, Order of the Honorable Judge Stephanie Gallagher, September 27, 2023. **ECF 83** ("*Within weeks of his initial appearance* in this case, ***before any schedule had been set***…Mr. Krop filed an omnibus motion…raising a wide variety of arguments about the validity of the case against him…Now that this case is proceeding and Mr. Krop is learning more about the facts and the Government's arguments, he seeks to file a second motion to dismiss to hone some of the arguments *he chose to present at a very early stage of the litigation*…". (emphasis added). The Court's order is prima facia demonstration that no order was

promptly set pursuant to Mr. Krop's Speedy Trial Act demand, in contravention to his rights thereunder and under the Constitution. As such, the case must be dismissed with prejudice.

### II. THE GOVERNMENT HAS DIRTY HANDS AND MAY NOT BENEFIT FROM ANY WAIVER AGAINST THE RIGHTS OF MR. KROP.

The government, as repeatedly stated by attorneys for both co-defendants in this case, has and continues to commit significant and serious misadministration of justice towards Mr. Krop. This includes, but is not limited to:

| | |
|---|---|
| • submitting a baseless and falsely sworn affidavit for a telephone warrant and raid on Mr. Krop's business | 5/24/2022 at 3:45 p.m. By SA ANDRIY VAVILIN |
| • submitting an improper and likely illegal proffer of false facts and law to the Grand Jury for obtaining an indictment, necessitating dismissal | Dates up through 4/5/2023 |
| • illegally appearing unannounced at Mr. Krop's real estate business absent any authority to do so during business hours to smear and intimidate Mr. Krop in front of his employees and damage his reputation and business to the detriment of his family with four small children | 5/25/2022 |
| • harassing his undersigned defense attorney in public at a restaurant with armed U.S. federal law enforcement assets after which AUSA Mr. Wise withdrew and AUSA Mr. Sullivan entered the case | 6/22/2023 (ECF 25) |
| • presently standing in direct violation of both the law regarding lawful indictments and forty-seven days after this Court's order commanding a lawfully corrected revision to be filed in the instant case as the original indictment as issued and signed has been dismissed | 12/6/2023 (ECF 96) |
| • the collusion of the Sheriff and AUSA is improper, to seek conviction of innocent Mr. Krop *prior to the principal being tried* when: 1) there is no lawful indictment filed at all; 2) Mr. Krop has consistently pointed out the wrongfulness and lack of jurisdiction of the indictment only to be delayed justice; 3) the principal charged, Sheriff Jenkins, was *arraigned first* signifying the absolute necessity of his case being tried first in order to find Mr. Krop in any way culpable, but is now prejudicially to Mr. Krop may not be tried at all according to the government, should Mr. Krop not be convicted; 4) at no time, contrary to the government's averment, did | 1/2/2024 (ECF 103) |

3

| | |
|---|---|
| the undersigned agree to a trial date but merely answered a question about his calendar schedule –vigorously opposing any setting in of a trial date whatsoever because of the injustice in this instant case and lack of jurisdiction. | |

As such, the government comes to the Court with dirty hands and its motion must be denied and the charges and case dismissed with prejudice. *Miller v. Hooks*, No. 16-7506 (4th Cir. Sep 05, 2018)("He who comes into equity must come with clean hands. It is far more than a mere banality. It is a self-imposed ordinance that closes the door of the court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief." *Precision Instrument Mfg. Co. v. Automotive Maint. Mach. Co.*, 324 U.S. 806, 814 (1945)).  The legal maxim *pari delicto potior est conditio defendentis* is the binding and commanding principle of 'clean hands' with its roots in Roman law, which "closes the door of the court of equity" here to the government. *Id.*  It further finds expression in the maxims of Roman law: "*ex dolo malo non oritur actio, nullus commodum capere potest de iniuria sua propria,*" meaning, an action may not arise from malicious intent; no one – not even the government - can take advantage of his own injury.  Oxford Public International Law, Clean Hands, Principle, Stephen M Schwebel, Max Planck Encyclopedia of Public International Law [MPEPIL], March 2013. See, https://opil.ouplaw.com/ accessed January 22, 2024.  Here, the malicious intent is to smear Mr. Krop now that the government knows it has no case and is looking for a scapegoat.  This unlawful behavior by the government violates both the letter and the spirit of our American justice system, and egregiously harms Mr. Krop and his dear family who continue to suffer intense stress at this moment because of the government's baseless and improper actions.

### III.  MR. KROP MAY NOT BE THE SCAPEGOAT OF THE GOVERNMENT'S FAILURES IN ADMINISTRATION OF JUSTICE IN THIS MATTER.

The government wrongly argues that motions filed in the defense of Mr. Krop serve as grounds under the Speedy Trial Act for exclusion of time, and alleged "plea negotiations." ECF 105, ¶ ¶ 6, 9.  This is patently a false argument as no such "plea negotiations" have or are taking place with Mr. Krop.  Neither has a single motion or matter in the instant case been a cause *by Mr. Krop* to force a waiver of his rights asserted.  And at no time has the undersigned stated he was "agreeable" to the setting in of a trial date prior to the trying of the Sheriff and has respectfully and duly asserted this Court's lack of jurisdiction in this matter, necessitating dismissal.

If this Court were to grant the government's motion and not dismiss this matter, it would violate the binding precedent that *actus me invito factus non est meus actus,* or, "an act done against my will is not my act." Mr. Krop was chastised by this Court for filing his motions promptly as soon as the maladministration of justice by the government began to be known with clear evidence, as is duly required at Bar and law.  Yet now the government is trying to benefit from the advisement of the Court to file motions later after more discovery is obtained.  See, Order dated 9/27/2023 and filed 9/28/2023 (ECF 83).  The government cannot have it both ways.  Either Mr. Krop's demand for a trial by June 22nd, 2023 should have been honored, and it wasn't, or it should have dismissed the charges promptly as required by law.

The Constitutional **binding** mandate pursuant to the Sixth Amendment that the accused be provided a speedy trial, and the U.S. Code's **binding** mandate that the same be provided "within 70 days" is inexcusable by the government.  The purpose of this right is more than for mere peace of mind for a defendant.  The purpose has more to do with preventing the government from making up and seeking to build a case *after indictment* as the government is doing here.  **In open Court on July 18, 2023 – over 100 days after indictment - the government AUSA stated "we don't**

5

**have evidence, we have theories"** or similar words, only to backtrack that months later in October. The eminent jurist Blackstone spoke to this forbidden act of the government to develop a case after indictment as an enduring principle in our law in his Commentaries when he wrote:

> "When the prisoner hath thus pleaded **not guilty**, *non culpabilis,* or *nient culpable*;…the clerk of the arraigns[ment], on behalf of the crown replies that the prisoner is guilty, **and that he is ready to prove him so**.  This is done by two monosyllables [abbreviated] "cul. Prit," which signifies that the prisoner is guilty, (cul, or culpable), and **that the king is ready to prove him so** (prit, or praesto sum, or *et hoc paratus est verificare*)… And this was done in [most concise] manner: for when the pleader intended to demur, he expressed his demurrer in a single word "judgment;" **signifying that he demanded judgment whether the writ…were sufficiently good in law**…And,…this [the crown] is ready to verify, *et hoc paratus est verificare*…Immediately upon plea pleaded [not guilty] [the clerk asks] "culprit, how wilt thou be tried?; by [bench] or by jury…When the prisoner has thus put himself upon his trial, the clerk answers in the humane language of the law, which always hopes that the party's innocence rather than his guilt may appear, "God send thee a good deliverance."  **And then they proceed as soon as conveniently may be, to the trial**…".

BLACKSTONE, WILLIAM. COMMENTARIES ON THE LAWS OF ENGLAND: A Facsimile of the First Edition of 1765-1769, Vol. IV., pages 333-335. University of Chicago Press.  Chicago, London. (bold emphasis added).

Here, Mr. Krop at his arraignment pleaded *not guilty*, asserted his demand for a trial by jury, and asserted, pursuant to the Speedy Trial Act, his right to be tried forthwith as he knew the government had no evidence against him for he had committed no wrongdoing.

Instead of proceeding to scheduling a trial forthwith, as it is both historically and presently mandated under our law, the government and the Court failed and refused his demand.  Mr. Krop then was forced to show the Court promptly that the government had no case and was acting unjustly and *ultra vires* by filing his motion to dismiss.

The government's motion (ECF 105) improperly avers as its authority 18 U.S.C. § 3161(h) as no such grounds exist whatsoever.

WHEREFORE, Mr. Krop reincorporates his demand for DISMISSAL WITH PREJUDICE pursuant to his Speedy Trial Act rights under the United States Constitution, amend. VI, and

incorporates his motions to dismiss and prior pleadings demanding the same, and respectfully requests this honorable Court to GRANT the same and DISMISS this case with prejudice.

Respectfully submitted,
\_\_\_/s/_____
Daniel L. Cox
THE COX LAW CENTER, LLC
P.O. Box 545
Emmitsburg, MD 21727
Telephone: 410-254-7000 (office)
Facsimile: 410-254-7220
Federal Bar no.: 28245
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on January 22, 2024, a copy of the foregoing Defendant Krop's OPPOSITION TO THE GOVERNMENT'S MOTION TO EXCLUDE TIME PURSUANT TO THE SPEEDY TRIAL ACT was filed via ECF, which caused copies to be sent to all parties of record.

_____/s/_____
Daniel L. Cox